GONZÁLEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* BENÍTEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for Nullity of Contract, etc.

No. 1885.—Decided May 23, 1919.

CONVEYANCE—AUTHORIZATION OF COURT—PROPERTY OF MINORS—JURISDICTION—
VENUE.—Deeds conveying property of minors executed by authorization of a

district court of a district in which the property is not situated are not null and void, for that court has jurisdiction of the subject-matter and also competency to grant such authorization by virtue of the submission of the party, according to sections 76 and 77 of the Code of Civil Procedure. *Ajenjo et al.* v. *Santiago Rosa et al.,* 26 P. R. R. 648.

ID.—ID.—ID.—ID.—The Supreme Court of Spain and the General Directorate of Registries have established the general rule that in matters *ex parte* the law gives jurisdiction to the court to which application is made; and as the authorization to convey property belonging to minors is an *ex parte* proceeding, the said doctrine is applicable to such authorization. *Ajenjo et al.* v. *Santiago Rosa et al., supra.*

The facts are stated in the opinion.

*Messrs. José A.* and *Alberto S. Poventud* for the plaintiffs.

*Mr. Francisco González Fagundo* for the defendants.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Manuel González y Fernández died in the year 1904. While married to Clementina Lugo y Calzada he had acquired the three rural properties referred to in this action, all situated in the municipality of Naguabo of the judicial district of Humacao. On the death of González the ownership of the said properties passed to his wife and their legitimate children, María, Manuela, Arístides, Manuel, Carlota and Clementina, and so it was made to appear in the registry of property.

On June 5, 1908, Clementina Lugo y Calzada, in her own right and in the names of her then unemancipated minor children, Manuel, Carlota, Clementina and Arístides González y Lugo, and María and Manuel González y Lugo, both in their own rights, appeared before a notary public and sold the said three properties to José J. Benítez. Clementina Lugo had been previously authorized by the District Court of San Juan to sell the interests of her minor children in the said properties. Benítez forthwith entered into possession of the lands, which he leased, mortgaged and finally sold, in 1913 and 1914, to other persons. The sales were made after this action had been begun in 1913. The amended complaint filed in Ponce is dated 1916.

The plaintiffs prayed the court to adjudge that the sale was a mere nullity as to them because it was made contrary to law; that they were entitled to their joint interests of an undivided three-sixths part of an undivided half of each of the properties; that the common property be divided and the plaintiffs be put in possession of their respective shares, and that the plaintiffs recover from defendant Benítez the sum of $8,000 as rents and profits, together with the costs.

There were several defendants, but it is only necessary to refer to the answer of defendant Benítez. He alleged that the contract was valid; that the sale of the interests of the minors was necessary, and that the minors profited thereby. He prayed the court to dismiss the complaint and, in the event that the contract should be held to be void, that the plaintiffs be adjudged to reimburse him for the purchase price.

The district court handed down a long and well-reasoned opinion and finally entered judgment in the case on January 30, 1918, holding, among other things, that the authorization of the court and the contract of sale were null and void and of no legal effect as to the minor plaintiffs; that, nevertheless, Benítez had held possession in good faith until the filing of the complaint and was only under the obligation to return such profits as the properties had produced from that date, the amount of which should be determined in a separate action, and that the plaintiffs should reimburse defendant Benítez for the purchase price in proportion to their interests in the properties.

Both the plaintiffs and the defendants appealed and their appeals were prosecuted and heard together, as they will be considered together by this court.

As may be seen, the real fundamental question involved in this case is whether an authorization of a court to sell property of minors, given by a district court of a district in which the property is not situated, is null and void.

When the District Court of Ponce rendered the judgment appealed from this court had not decided the cases of *Martorell et al.* v. *J. Ochoa & Brother et al.*, 26 P. R. R. 625, and *Ajenjo et al.* v. *Santiago Rosa et al.*, 26 P. R. R. 648, wherein the said question was carefully studied and decided and former jurisprudence was disapproved.

We will quote the syllabus in the *Ajenjo case:*

"Deeds conveying property of minors executed by authorization of the district court of the district in which the property is not situated are not null and void, for that court has jurisdiction of the subject-matter and also competency to grant such authorization by virtue of the submission of the parties, according to sections 76 and 77 of the Code of Civil Procedure which were taken from the former Spanish Law of Civil Procedure.

"The Supreme Court of Spain and the General Directorate of Registries have established the general rule that in matters *ex parte* the law gives jurisdiction to the court to which application is made; and as the authorization to convey property belonging to minors is an *ex parte* proceeding, the said doctrine is applicable to such authorization."

This being so, the action of the plaintiffs herein cannot prosper, for, the authorization conferred by the District Court of San Juan being valid and sufficient, the sale of their interests in the real properties in question was also a valid act.

For these reasons the appeal taken by the plaintiffs must be dismissed; that taken by the defendants sustained; the judgment reversed, and the complaint dismissed, without costs.

*Reversed.*

Chief Justice Hernández and Justice Hutchison concurred.

Mr. Justice Wolf dissented.

Mr. Justice Aldrey took no part in the decision of this case.